■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD MacINTOSH, Appellant.—Judgment, Supreme Court, Bronx County, rendered December 16, 1977, convicting defendant following a jury trial of criminal possession of a weapon in the third degree and sentencing him to an indeterminate term of two and one-third to seven years, unanimously reversed, on the law, and as a matter of discretion in the interest of justice, and the case remanded for a new trial on that count. Defendant was indicted with codefendant Herbert Pitt, also known as Hugh Brown (Brown), for murder in the second degree and criminal possession of a weapon in the second degree in connection with the death of one Anthony Robinson on November 26, 1976. They were acquitted on these charges and on the charge of manslaughter in the first degree, submitted as a lesser included offense of murder in the second degree, the jury returning a guilty verdict only on criminal possession of a weapon in the third degree, submitted on defendants' request as a lesser included offense of criminal possession of a weapon in the second degree. The proof offered by the prosecution showed that defendant and Brown lived with a friend, Calbert Allen, at an apartment at 150 East 165th Street. The victim, Anthony Robinson, lived across the hall. On November 26, 1976, following an argument between Allen and Robinson, the latter shot the former in the leg and left the apartment. Brown subsequently left the apartment with a .45 caliber automatic in his waistband, which he had taken from under a cushion in the apartment. He told Allen before he left, "The * * * boy went over to the park * * * Anthony." Allen also testified that defendant left the apartment across the hall in possession of a .38 caliber revolver. Later that evening, Anthony Robinson was shot to death in the park. Allen saw both defendants about an hour after the shooting. "They said that they licked the boy's head off. * * * That's a head shot, a head shot.", a Jamaican expression meaning they had

shot someone in the head, "Anthony". Almost one month later, on December 24, 1976, defendant and Brown were arrested in an apartment at 28 Clinton Place. The police recovered from the apartment a .38 caliber pistol and a .45 caliber automatic. Ballistics testimony showed that a cartridge found by the police in the park near Robinson's body had been fired from the .45 caliber automatic. Defendant was charged under a separate indictment for attempted criminal possession of a weapon in the third degree in connection with the weapon discovered at the Clinton Place apartment at the time of his arrest. The trial court, in carefully couched instructions, appropriately charged the jury as to the applicable law on murder, manslaughter and criminal possession of a weapon in the second degree. In accordance with the agreement between the court and counsel, the jury was instructed, with respect to possession of a weapon in the second degree, to consider only whether defendants were in possession of the .45 caliber automatic in the park on November 26, 1976. As to this count, the court properly charged the jury not to consider the .38 caliber revolver. On this record, the court could not have done otherwise, since there is no proof that the .38 caliber pistol was loaded, nor that defendant was in possession of that weapon in the park on the date of the shooting. However, in instructing the jury on the lesser included offense of criminal possession of a weapon in the third degree, the court did not similarly limit the proof which the jury could consider. Instead, the court charged the jury as follows: "You may find a defendant guilty of criminal possession of a weapon in the third degree if there is proof beyond a reasonable doubt that the defendant possessed any loaded firearm; mere possession is sufficient. There is no requirement to prove that the defendant intended to use this implement unlawfully against another." We are in agreement that the instruction, although correct in the abstract, may have resulted in confusion to the extent of conveying to the jurors that, in considering the charge of criminal possession of a weapon in the third degree, they might consider whether defendant was in possession of the .38 caliber revolver, either at the apartment at 165th Street or at the apartment at 28 Clinton Place, or in the park. The indictment, however, charged defendants with acting in concert in the possession of a loaded firearm on November 26, 1976. Therefore, any implication that the jury could consider possession of either weapon at the 165th Street apartment on November 26, 1976 or at the Clinton Place apartment on December 24, 1976 was improper. There was no proof that defendant was in possession of the .45 caliber weapon at the 165th Street apartment. Nor was there any proof to establish that the .38 caliber gun was loaded. Under the circumstances, we find the trial court's use of the phrase "any loaded firearm", with respect to the charge on criminal possession of a weapon in the third degree, sufficiently ambiguous as to warrant remand for a new trial on that count. The instruction may have inadvertently conveyed to the jurors that, in assessing guilt or innocence, they might take into account proof which was either inappropriate for them to consider, or beyond the scope of the indictment. That the court's choice of language in instructing the jury may have been and undoubtedly was inadvertent is not dispositive, particularly where, as here, the error may have infringed upon defendant's right to a fair trial. The potential adverse effect was highlighted by the proper, careful and deliberate manner in which the Trial Justice charged the jury as to the elements and factors to be considered by them with respect to the second count of the indictment for criminal possession of a weapon in the second degree. Under the circumstances, we do not find dispositive defendant's failure to object to that

portion of the trial court's instruction to the jury respecting criminal possession of a weapon in the third degree. Concur—Fein, J. P., Sandler, Bloom, Lynch and Ross, JJ.